# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1314 | **DATE** | 7/24/2002 |
| **CASE TITLE** | William Michael Voight vs. City of Orland Park, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the defendants' motion to dismiss Count II of the plaintiff's complaint against the Village of Orland Park is denied. [Doc. # 7].

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | On July 25, 2002 | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 6 2002 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| William Michael Voight | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 1314 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| City of Orland Park, a Municipal | ) |
| Corporation and Certain Unknown | ) |
| Members of the Village of Orland Park | ) |
| Department of Police, individually and in | ) |
| their official capacities as employess of the | ) |
| Village of Orland Park, Department of | ) |
| Police, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court is defendants', Village of Orland Park (the "Village") and Certain Unknown Members of the Village of Orland Park Police Department, motion to dismiss plaintiff's, William Michael Voight ("Voight"), complaint. For the following reasons, the defendants' motion is DENIED.

### Background

On May 24, 2002, plaintiff filed a five count complaint against defendants, alleging violations of the Fourth Fifth and Fourteenth Amendment rights. Defendant's filed a motion to dismiss plaintiff's entire complaint on May 10, 2002. At a status hearing held on May 23, 2002, this court dismissed the plaintiff's claims against the individual officers sued in their official capacities and denied the remainder of the defendant's motion to dismiss, except for that portion of defendant's motion which sought to dismiss the plaintiff's claim against the Village of Orland Park. The parties were instructed brief the issue of municipal liability.

1

## Standard of Review

A motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the plaintiff. Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Discussion

Defendants argues that Count II of the plaintiff's complaint fails to meet federal notice pleading requirements and/or fails to allege sufficient facts to support liability against the Village of Orland Park. This court disagrees.

In the Seventh Circuit, in order to hold a municipality liable under 42 U.S.C. § 1983 ("Section 1983") a plaintiff must allege the existence of either an express policy or a custom that was the direct cause of the deprivation of a constitutional right. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-691 (1978); Caldwell v. City of Elwood, 959 F.2d 670, 673 (7th Cir. 1992).

The United States Supreme Court as well as the Seventh Circuit have repeatedly

2

expressed disfavor towards heightened pleading standards for allegations of violations of Section 1983. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); McCormick v. City of Chicago, 230 F.3d 319 (7th Cir. 2000) (holding that Leatherman forbade federal courts from applying a heightened in civil rights cases alleging municipal liability); Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1998) (per curiam); see also Sledd v. Linsday, 102 F.3d 282, 288-89 (7th Cir. 1996); Doherty v. City of Chicago, 60 F.3d 318, 326 (7th Cir. 1996); Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995).

In this case, the plaintiff's complaint satisfies federal notice pleading requirements and alleges sufficient facts to support liability against the Village. Voight alleges in Count II of his complaint that the Village of Orland Park developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons which caused the violation of plaintiff's rights:

> It was the policy and/or custom of the Village of Orland Park to inadequately and improperly investigate and apply discipline regarding complaints of polices misconduct and acts of misconduct were instead tolerated by the Village of Orland Park, including but not limited to the following: (a) unlawful damage to citizens property by police officers; (b) improper search and seizures of persons and property without warrant; (c) use of excessive force by police officers; (d) unlawful searches performed by police officers; (e) unlawful seizures by police officers; (f) abuse of official authority by police officers.

> Additionally, plaintiff alleges that;

> It was the policy and/or custom of the Village of Orland Park to inadequately supervise and train its police officers, with regard to the allegations contained herein, including but not limited to: (a) execution of warrants; (b) lawful searches, scope of searches; (c) permissible searches of persons; (d) excessive use of force: including the Defendant police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

3

More specifically, Voight alleges that the Village of Orland Park Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct to avoid constitutional deprivations by its police officers. Voight goes on to state that the above policies and customs were tolerated by policymakers of the Village of Orland Park and the existence of said custom and/or practice was in place prior to the constitutional deprivation allegedly suffered by the plaintiff.

Taking the well pleaded allegations as true, McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995), Voight has adequately claimed that his constitutional injury was caused by (1) the enforcement of an express policy of the Village, (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority. See McCormick, 230 F.3d at 324. The plaintiff's allegations state with specificity what policies and customs are at issue and that they were condoned by policy makers of the Village which caused his injuries.

In addition, the plaintiff has also satisfied notice pleading requirements. The Seventh Circuit's decision in McCormick explicitly allows a plaintiff at the pleading stage in Section 1983 litigation to survive a motion to dismiss through the use of conclusory allegations as long as they provide notice of what customs or policies are at issue. Id. at 326.

The defendants argue that Voight's complaint does not satisfy notice pleading standards because it contains "boilerplate allegations of a muncipal policy entirely lacking in any factual support that a [municipal] policy does exist." In McCormick, however, the Seventh Circuit found that conclusory allegations, similar to those in Voight's complaint, are sufficient to provide notice. Id. In addition, the defendants argue that the Seventh Circuit's holding in McCormick does not apply to the present facts because, unlike in McCormick, the plaintiff in this case is represented by a "competent attorney". The McCormick Court, however, does not limit its

4

holding to only those circumstances in which a plaintiff brings a Section 1983 action against a municipality *pro se*. Consequently, the defendants' argument is irrelevant.

## Conclusion

For the foregoing reasons the defendants' motion to dismiss Count II of the plaintiff's complaint against the Village of Orland Park is denied.

**Enter:**

*/s/ David H. Coar*

**David H. Coar**

**United States District Judge**

Dated: July 24, 2002